Eleanor A. DuBay, OSB #073755
Email: edubay@tomasilegal.com
Tomasi Salyer Martin
121 SW Morrison Street, Suite 1850
Portland, Oregon  97204-3136
Telephone:  (503) 894-9900
Facsimile:   (971) 544-7236
        Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| TIFFANY HOPKINS,<br><br>            Plaintiff,<br><br>     v.<br><br>CITIBANK, N.A.,<br><br>            Defendant. | Case No. 3:18-cv-01960-BR<br><br>DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY ACTION |

## LR 7.1 CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1, Defendant Citibank, N.A. ("Defendant"), has made a good faith effort to confer with Plaintiff's counsel regarding this Motion.

### MEMORANDUM OF POINTS AND AUTHORITIES

**I.     INTRODUCTION**

By the instant Motion, defendant Citibank, N.A. ("Citibank") seeks to compel arbitration of the claims asserted by plaintiff Tiffany Hopkins ("Plaintiff") regarding alleged attempts to collect debts owed by Plaintiff on multiple Citibank credit card accounts.  After

Page 1 -   DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY ACTION
CITI-L20\00442442.000

*TOMASI SALYER MARTIN*
Attorneys at Law
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

Plaintiff failed to pay the balances owed on her accounts, Citibank attempted to contact her regarding the debt.  Based on calls Plaintiff received, she asserts claims for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, and Or. Rev. Stat. 646.639, *et seq.*, as well as for intrusion upon seclusion.  Regardless of their merits (or lack thereof), Plaintiff's claims must be arbitrated pursuant to the binding arbitration agreement (the "Arbitration Agreement") between Plaintiff and Citibank contained in the credit card agreements governing Plaintiff's Citibank credit card accounts.

The Arbitration Agreement is valid and enforceable under South Dakota law (which applies here pursuant to the choice-of-law provision in the underlying card agreement) and encompasses Plaintiff's claims.  By its terms, the Arbitration Agreement broadly encompasses "any claim, dispute, or controversy" between Plaintiff and Citibank "arising from or relating to" her Account and/or relationship with Citibank.  Finally, the Arbitration Agreement must be enforced pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* ("FAA").  Indeed, the FAA mandates a liberal policy favoring the enforcement of arbitration agreements and requires that any doubts regarding whether a dispute is subject to arbitration be resolved in favor of arbitration.  The United States Supreme Court has made absolutely clear that arbitration agreements governed by the FAA must be enforced as written.  *See AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 336, 131 S. Ct. 1740, 179 L. Ed. 2d 742 (2011).

Courts nationwide, repeatedly have granted motions to compel arbitration by Citibank based on its Arbitration Agreement. *See Yaqub v. Experian Info. Solutions, Inc.*, No. CV 11-2190-VBF(FFMx), 2011 U.S. Dist. LEXIS 156427, at *16 (C.D. Cal. June 10, 2011); *Cayanan v. Citi Holdings, Inc.*, 928 F. Supp. 2d 1182, 1198-99 (S.D. Cal. 2013); *Drozdowski v. Citibank, Inc.*, No. 2:15-cv-2786-STA-cgc, 2016 WL 4544543, at *9-10 (W.D. Ten. Aug. 31, 2016); *McCormick v. Citibank, NA*, No. 15-CV-46-JTC, 2016 WL 107911, at *4-6 (W.D.N.Y. Jan. 8, 2016); *Carr v. Citibank, N.A.*, No. 15-CV-6993 (SAS), 2015 WL 9598797, at *3 (S.D.N.Y. Dec. 23, 2015); *Clookey v. Citibank, N.A.*, No. 8:14-CV-1318, 2015 WL 8484514, at

Page 2 -   DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY ACTION
CITI-L20\00442442.000

*TOMASI SALYER MARTIN*
Attorneys at Law
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

*3-4 (N.D.N.Y. Dec. 9, 2015); *Snow v. Citibank, N.A.*, No. 5:14-CV-59-FL, 2015 WL 799543, at *5-6 (E.D.N.C. Feb. 25, 2015); *Coppock v. Citigroup, Inc.*, No. C11-1984-JCC, 2013 WL 1192632 (W.D. Wash. Mar. 22, 2013); *Ackerberg v. Citicorp USA, Inc.*, 898 F. Supp. 2d 1172, 1177 (N.D. Cal. 2012); *Daugherty v. Experian Info. Sols., Inc.*, 847 F. Supp. 2d 1189, 1194-97 (N.D. Cal. 2012); *Safadi v. Citibank, N.A.*, No. 12–1356 PSG, 2012 WL 4717875, at *3-5 (N.D. Cal. Oct. 2, 2012); *Guerrero v. Equifax Credit Info. Servs., Inc.*, No. CV 11-6555 PSG (PLAx), 2012 WL 7683512 (C.D. Cal. Feb. 24, 2012); *Conroy v. Citibank, N.A.*, No. CV 10-04930 SVW (AJWx), 2011 WL 10503532, at *4-5 (C.D. Cal. Jul. 22, 2011).

Accordingly, the Motion should be granted, and the action should be stayed pursuant to Section 3 of the FAA pending completion of the arbitration.

## II.   FACTUAL BACKGROUND

### A.   Plaintiff's Accounts And The Arbitration Agreement

Plaintiff is the holder of two Citibank credit card accounts: (1) a Sears account currently ending in 5418 issued on or about March 9, 2015 (the "Sears Account"); and (2) a Costco account currently ending in 6373 issued on or about February 2, 2013 (the "6373 Account") (collectively the "Accounts"). (*See* Declaration of Andrew Grayot ("Grayot Decl."), ¶ 4; Declaration of Kelly Booth (the "Booth Decl."), ¶ 4.) The Accounts are subject to written terms and conditions that are reflected in a Card Agreement, as amended from time to time, and the Card Agreement for each account include the Arbitration Agreement. (Grayot Decl., ¶¶ 4-12; Booth Decl., ¶¶ 4-11.)

#### 1.   The Sears Account

The Card Agreement provided to Plaintiff when she opened the Sears Account in or about March 9, 2015, contains an arbitration agreement. (Grayot Decl., ¶ 6, Ex. 1.) Based on Citibank's records, Plaintiff used the Account after it was opened. (*Id.* ¶ 7, Ex. 2.)

In or about November 2015, Citibank mailed to Plaintiff a "Notice of Change In Terms and Right to Opt Out" ("2016 Change-In-Terms Notice"), as well as a "Important

Page 3 -   DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY ACTION
CITI-L20\00442442.000

*TOMASI SALYER MARTIN*
Attorneys at Law
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

Changes to Your Account Terms" and a new Card Agreement (the "New Card Agreement") for the Sears Account. (*Id.* ¶ 8, Ex. 3.) The New Card Agreement contains the Arbitration Agreement. (*Id.*) The 2016 Change-In-Terms Notice states: "We are changing your Card Agreement by replacing it with a new one." (*Id.* ¶ 9.) The effective date of this change as provided in the 2016 Change-In-Terms Notice was February 8, 2016. (*Id.*) As discussed and instructed in the 2016 Change-In-Terms Notice, Plaintiff was given the right to reject the Arbitration Agreement contained in the New Card Agreement. (*Id.* ¶ 11, Ex. 3.) Plaintiff did not reject the Arbitration Agreement. (*Id.* ¶ 12.)

### 2. The Costco Account

Like the Sears Account, the Costco Account is subject to the Arbitration Agreement. The Costco Account was acquired by Citibank from American Express Bank, FSB in June 2016; Citibank is the issuer of the Costco Account. (Booth Decl., ¶¶ 4-6.) On or about April 18, 2016, Citibank mailed to Plaintiff the new Card Agreement for the Costco Account (the "New Card Agreement"), along with a cover letter ("Cover Letter"). (*Id.* ¶ 7, Ex. 1.) The New Card Agreement also contains the Arbitration Agreement. (*Id.*) The Cover Letter instructed Plaintiff that the New Card Agreement would become effective June 20, 2016. (*Id.*) As discussed and instructed in the Cover Letter and the New Card Agreement, Plaintiff was given the right to reject the Arbitration Agreement. (*Id.* ¶ 9, Ex. 1.) Plaintiff did not reject the Arbitration Agreement and, instead, Plaintiff used the Costco Account after the new Card Agreement was mailed. (*Id.* ¶¶ 10-11, Ex. 2.)

### 3. The Arbitration Agreement

The Arbitration Agreement states, in pertinent part, that either party may elect mandatory binding arbitration as follows:

**ARBITRATION**

**PLEASE READ THIS PROVISION OF THE AGREEMENT CAREFULLY.**

This section provides that disputes may be resolved by binding

Page 4 -   DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY ACTION
CITI-L20\00442442.000

*TOMASI SALYER MARTIN*
Attorneys at Law
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

arbitration. Arbitration replaces the right to go to court, have a jury trial or initiate or participate in a class action. In arbitration, disputes are resolved by an arbitrator, not a judge or jury. Arbitration procedures are simpler and more limited than in court. This arbitration provision is governed by the federal arbitration act (FAA), and shall be interpreted in the broadest way the law will allow.

**Covered Claims**

- You or we may arbitrate any claim, dispute or controversy between you and us arising out of or related to your account, a previous related account, a previous related account or our relationship (called "Claims").

- **If arbitration is chosen by any party, neither you nor we will have the right to litigate that Claim in court or have a jury trial on that Claim**.

    Except as stated below, all Claims are subject to arbitration, no matter what legal theory they're based on or what remedy (damages, or injunctive or declaratory relief) they seek, including Claims based on contract, tort (including intentional tort), fraud, agency, your or our negligence, statutory or regulatory provisions, or any other sources of law; Claims made as counterclaims, cross-claims, thirty-party claims, interpleaders or otherwise; Claims made regarding past, present, or future conduct; and Claims made independently or with other claims. This also includes Claims made by or against anyone connected with us or you or claiming through us or you, or by someone making a claim through us or you, such as a co-application, authorized user, employee, agent, representative or an affiliated/parent/subsidiary company.

(*See* Booth Decl., Ex. 1 (emphasis in original); Grayot Decl., Ex. 3 (same).)

B.     **The Allegations Of The Complaint**

Plaintiff alleges that, in or about July 2018, she received calls on her cellular phone number from Citibank, relating "one or more alleged debts." (Compl. ¶¶ 10-15.) Plaintiff alleges receiving calls through October 2018, including after requesting that Citibank stop calling. (Compl. ¶¶ 15-23.) Based on the foregoing, Plaintiff asserts claims for violation of violation of the TCPA, violation of OFDCPA, Or. Rev. Stat. § 646.639, *et seq.*, and intrusion upon seclusion. (*Id.* ¶¶ 28-38.) Plaintiff seeks statutory damages, actual damages, attorneys' and

Page 5 -    DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY ACTION
CITI-L20\00442442.000

*TOMASI SALYER MARTIN*
Attorneys at Law
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

costs.  (Compl., p. 7.)

## III. ARGUMENT

### A. Plaintiff's Claims Are Subject To Binding Arbitration Pursuant To The Arbitration Agreement Governing The Account.

#### 1. Under The FAA, This Court Must Compel Arbitration Pursuant To The Express Terms Of The Arbitration Agreement.

Section 2 of the FAA mandates that binding arbitration agreements in contracts "evidencing a transaction involving [interstate] commerce . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2; *see Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443, 126 S. Ct. 1204, 163 L. Ed. 2d 1038 (2006) ("Section 2 [of the FAA] embodies the national policy favoring arbitration and places arbitration agreements on equal footing with all other contracts."). The United States Supreme Court has made clear that the FAA is extremely broad and applies to any transaction directly or indirectly affecting interstate commerce.  *See, e.g.*, *Allied-Bruce Terminix Cos., Inc. v. Dobson*, 513 U.S. 265, 277, 115 S. Ct. 834, 130 L. Ed. 2d 753 (1995); *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 401, 87 S. Ct. 1801, 18 L. Ed. 2d 1270 (1967).[1]

The FAA promotes a "liberal federal policy favoring arbitration agreements," and "questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration."  *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 103 S. Ct. 927 (1983); *see also Perry v. Thomas*, 482 U.S. 483, 490, 107 S. Ct. 2520, 96 L. Ed. 2d 426 (1987) (stating that arbitration agreements falling within the scope of the FAA "must be 'rigorously enforce[d]'" (citations omitted)); *Spencer v. Midland Funding LLC*, No. 3:16-CV-00093-BR,

---

[1] Here, there is no question that the FAA applies to this dispute because the credit card transactions at issue were made between Plaintiff, who resides in Oregon (Compl., ¶ 6), and Citibank, a national bank located in Sioux Falls, South Dakota.  (Compl., ¶ 7; Booth Decl., ¶ 1.)  The Arbitration Agreement explicitly states that "[t]his arbitration provision is governed by the [FAA]."  (Booth Decl., Ex. 1.)

Page 6 -   DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY ACTION
CITI-L20\00442442.000

*TOMASI SALYER MARTIN*
Attorneys at Law
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

2016 WL 8677216, at *7 (D. Or. Oct. 21, 2016) (upholding an arbitration provision in a card agreement and ordering plaintiff to pursue her claims individually); *Barrer v. Chase Bank, USA, N.A.*, No. CV06-415 HU, 2007 WL 1072133, at *6 (D. Or. Jan. 23, 2007).  "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24-25; *see also Perry*, 482 U.S. at 490 (stating that arbitration agreements falling within the scope of the FAA "must be 'rigorously enforce[d]'") (citations omitted).

The United States Supreme Court has consistently confirmed that the FAA "requires courts to enforce the bargain of the parties to arbitrate" and "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *KPMG LLP v. Cocchi*, 132 S. Ct. 23, 25-26, 181 L. Ed. 2d 323 (2011) (per curiam) (citations omitted; emphasis in original); *see also Am. Express Co. v. Italian Colors Rest.*, 133 S. Ct. 2304, 2309, 186 L. Ed. 2d 417 (2013) (stating that "courts must 'rigorously enforce' arbitration agreements according to their terms") (citations omitted); *Concepcion*, 563 U.S. at 344 (confirming that the "'principal purpose' of the FAA is to 'ensur[e] that private arbitration agreements are enforced according to their terms.'"); *see also Marmet Health Care Ctr., Inc. v. Brown*, 132 S. Ct. 1201, 1203, 182 L. Ed. 2d 42 (2012); *CompuCredit Corp. v. Greenwood*, 132 S. Ct. 665, 669, 181 L. Ed. 2d 586 (2012); *see also Coneff v. AT&T Corp.*, 673 F.3d 1155, 1159 (9th Cir. 2012); *Kilgore v. KeyBank, N.A.*, 673 F.3d 947, 960-61 (9th Cir. 2012).

Under the FAA, arbitration must be compelled where, as in this case:  (1) a valid, enforceable agreement to arbitrate exists; and (2) the claims at issue fall within the scope of that agreement.  *See Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000).[2]  The party resisting arbitration bears the burden of showing that the arbitration

---

[2] The FAA preempts any state law impediments to enforcing arbitration agreements according to their terms, even under the guise of generally applicable contract principles. *See Concepcion*, 563 U.S. at 350-52 (states may not superimpose judicial procedures on arbitration); *id.* at 341 ("When state law prohibits

Page 7 -    DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY ACTION
CITI-L20\00442442.000

TOMASI SALYER MARTIN
Attorneys at Law
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

agreement is invalid or does not encompass the claims at issue, a burden that cannot be met by Plaintiff on the facts here. *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 92, 121 S. Ct. 513, 148 L. Ed. 2d 373 (2000). Indeed, the same Arbitration Agreement between Citibank and its customers has been enforced by multiple courts, including this Court. *See Drozdowski*, 2016 WL 4544543, at *10 (enforcing Citibank Arbitration Agreement in TCPA case); *McCormick*, 2016 WL 107911, at *4-6 (same); *Carr*, 2015 WL 9598797, at *3 (same); *Clookey*, 2015 WL 8484514, at *3-4; *Snow*, 2015 WL 799543, at *5-6; *Cayanan*, 928 F. Supp. 2d at 1198-99; *Coppock*, 2013 WL 1192632, at *10; *Ackerberg*, 898 F. Supp. 2d at 1177; *Guerrero*, 2012 WL 7683512, at *8; *Daugherty*, 847 F. Supp. 2d at 1194-97; *Tractenberg v. Citigroup Inc.*, No. CIV-A-10-3092, 2011 WL 6747429, at *1 (E.D. Pa. Dec. 22, 2011). The same conclusion should be reached here.

## 2. The Arbitration Agreement Is Valid And Enforceable.

The Card Agreement is expressly governed by South Dakota law.[3] While the FAA exclusively governs the enforceability of Plaintiff's Arbitration Agreement according to its terms, South Dakota law governs the determination of whether a valid agreement to arbitrate

---

outright the arbitration of a particular type of claim, the analysis is straightforward: The conflicting rule is displaced by the FAA.") (citing *Preston v. Ferrer*, 552 U.S. 346, 353, 128 S. Ct. 978, 169 L. Ed. 2d 917 (2008)); *Stolt-Nielsen S. A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 683, 130 S. Ct. 1758, 176 L. Ed. 2d 605 (2010) ("[P]arties are 'generally free to structure their arbitration agreements as they see fit.'"); *see also Southland Corp. v. Keating*, 465 U.S. 1, 16, 104 S. Ct. 852, 79 L. Ed. 2d 1 (1984) (striking down California law that sought to insulate certain issues from arbitration).

[3] "In a federal question action where the federal court is exercising supplemental jurisdiction over state claims, the federal court applies the choice-of-law rules of the forum state." *Paracor Fin., Inc. v. Gen. Elec. Capital Corp.*, 96 F.3d 1151, 1164 (9th Cir. 1996). Or. Rev. Stat. § 15.350(1) provides that "the contractual rights and duties of the parties are governed by the law or laws that the parties have chosen." To satisfy Or. Rev. Stat. § 15.350, "a contractual choice-of-law provision [must] be express and clear, and it [must satisfy] the additional requirement that it be conspicuous when part of a standard form contract drafted by one of the parties[.]" *Powell v. Sys. Transp., Inc.*, 83 F. Supp. 3d 1016, 1023 (D. Or. 2015). Here, the Card Agreement satisfies the requirements of Or. Rev. Stat. § 15.350, as it clearly provides that "[f]ederal law and the law of South Dakota govern the terms and conditions of this Agreement," and the choice-of-law provision is conspicuous, appearing under its own heading with bold typeface. *See* Booth Decl., Ex. 1. *See Pulse Techs., Inc. v. Dodrill*, No. CV-07-65-ST, 2007 WL 789434, at *1 (D. Or. Mar. 14, 2007); *Guerrero v. Equifax Credit Info. Servs., Inc.*, No. CV 11-6555 PSG (PLAx), 2012 WL 7683512 (C.D. Cal. Feb. 24, 2012).

Page 8 -    DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY ACTION
CITI-L20\00442442.000

*TOMASI SALYER MARTIN*
Attorneys at Law
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

exists. *See Drozdowski*, 2016 WL 4544543, at *4 (enforcing South Dakota choice of law in Citibank Card Agreement); *Cayanan*, 928 F. Supp. 2d at 1193-94 (holding that South Dakota law applied under Citibank's choice of law provision and applicable choice of law test); *Ackerberg*, 898 F. Supp. 2d at 1176-77 (same); *Daugherty*, 847 F. Supp. 2d at 1193-95 (same); *Guerrero*, 2012 WL 7683512, at *8 (same); *see also Dinsmore v. Piper Jaffray, Inc.*, 593 N.W.2d 41, 44, 1999 SD 56 (S.D. 1999) (noting that, "the question of whether the parties entered into a valid agreement to arbitrate is a question for the court to determine applying state contract law principles"); *accord First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944, 115 S. Ct. 1920, 131 L. Ed. 2d 985 (1995) ("When deciding whether the parties agreed to arbitrate a certain matter (including arbitrability), courts generally . . . should apply ordinary state-law principles that govern the formation of contracts.").

Here, there is no dispute that Plaintiff opened and used the Accounts. Under South Dakota law, Plaintiff's use of the Accounts constitutes her acceptance of the terms of the Card Agreement, including the Arbitration Agreement. *See* S.D. Codified Laws § 54-11-9 ("use of an accepted credit card or the issuance of a credit card agreement and the expiration of thirty days from the date of issuance without written notice from a card holder to cancel the account creates a binding contract between the card holder and the card issuer . . . ."). *See, e.g., McCormick*, 2016 WL 107911 at *4-6 (use of account constitutes assent to Arbitration Agreement); *Carr*, 2015 WL 9598797, at *3; *Clookey*, 2015 WL 8484514, at *3-4; *Snow*, 2015 WL 799543, at *5-6; *see also Cayanan*, 928 F. Supp. 2d at 1199 (holding that under South Dakota law "continued use of a credit [card] account" constitutes assent to arbitration); *Ackerberg*, 898 F. Supp. 2d at 1176-77 (same); *Ventura v. 1st Fin. Bank USA*, No. C 03-4515 JF (RS), 2005 WL 2406029, at *5 (N.D. Cal. Sept. 29, 2005) (noting that S.D.C.L. § 54-11-9 "expressly authorizes contract formation by an individual's use of a credit card"); *Fedotov v. Peter T. Roach & Assocs., P.C.*, No. 03 Civ. 8823(CSH), 2006 WL 692002, at *2 (S.D.N.Y. Mar. 16, 2006) (under South Dakota law, plaintiff was bound by using cards after receiving card

Page 9 -   DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY ACTION
CITI-L20\00442442.000

*TOMASI SALYER MARTIN*
Attorneys at Law
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

agreements).

South Dakota law also authorizes changes to credit card accounts in the manner done here. *See* S.D. Codified Laws § 54-11-12 ("A credit card issuer may change the terms of any credit card agreement if such right of amendment has been reserved."); *see also Drozdowski*, 2016 WL 4544543, at *5, n.48 (citing former S.D. Codified Laws § 54-11-10, and holding that under South Dakota law, "credit card issuers were authorized to change the terms of their existing credit card agreements by sending notices of the changed terms to cardholders"); *Snow*, 2015 WL 799543, at *5-6 (same); *Coppock*, 2013 WL 1192632, at *5, 10 (same).

Finally, South Dakota law, like federal law, strongly endorses arbitration. "If there is doubt whether a case should be resolved by traditional judicial means or by arbitration, arbitration will prevail." *Rossi Fine Jewelers, Inc. v. Gunderson*, 648 N.W.2d 812, 814, 2002 SD 82 (S.D. 2002) ("We have consistently favored the resolution of disputes by arbitration . . . . There is an overriding policy favoring arbitration when a contract provides for it.") (citation omitted).

Accordingly, under both the FAA and governing South Dakota law, the Arbitration Agreement is binding on Plaintiff and must be enforced.

### 3. The Arbitration Agreement Clearly Encompasses Plaintiff's Claims.

Where the parties have entered into a binding arbitration agreement, as in the instant case, there is a presumption that any dispute between the parties is arbitrable. *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24-25. Therefore, an "order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650, 106 S. Ct. 1415, 89 L. Ed. 2d 648 (1986). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626, 105 S. Ct. 3346, 87 L. Ed. 2d 444 (1985); *see also Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 719 (9th Cir. 1999)

Page 10 -   DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY ACTION
CITI-L20\00442442.000

TOMASI SALYER MARTIN
Attorneys at Law
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

("The standard for demonstrating arbitrability is not high."). Where the clause is broad, as is the Arbitration Agreement here, there is a heightened presumption of arbitrability such that, "'[in] the absence of any express provision excluding a particular grievance from arbitration, we think only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail.'" *AT&T Techs.*, 475 U.S. at 650 (quoting *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 584-85, 80 S. Ct. 1347, 4 L. Ed. 2d 1409 (1960)).[4]

Here, the Arbitration Agreement extends to "any claim, dispute or controversy between you and us arising out of or related to your Account, a previous related account or our relationship." (Grayot Decl., Ex. 3; Booth Decl., Ex. 1.) In addition, "all Claims are subject to arbitration, no matter what legal theory they're based on or what remedy (damages, or injunctive or declaratory relief) they seek, including Claims based on contract, tort (including intentional tort), fraud, agency, your or our negligence, statutory or regulatory provisions, or any other sources of law." (*Id.*) Plaintiff's claims plainly are covered by the Arbitration Agreement, as the claims are premised upon calls placed by Citibank in an attempt to collect payment "on one or more alleged debts." (Compl. ¶ 10.) These claims clearly relate to the Accounts and Plaintiff's relationship with Citibank, i.e., *but for* the Accounts, there would be no "alleged debts" and no need for calls to collect those "debts." Accordingly, the claims clearly fall within the Arbitration Agreement's broad scope. *See, e.g., Hicks v. Hsinternational Sports Mgmt., Inc.*, No. CIV. 09-6185-HO, 2009 WL 3698132, at *4 (D. Or. Oct. 27, 2009) ("Because all of plaintiff's claims fall within the agreement to arbitrate, the court must grant the motion to abate and compel arbitration.").

---

[4] *See also Ferguson v. Corinthian Colls., Inc.*, 733 F.3d 928, 938 (9th Cir. 2013) (holding that the terms such as "any disputes," "all claims," and disputes "arising from my enrollment" are broad in scope); *Simula, Inc.*, 175 F.3d at 721 (holding that "language 'arising in connection with' reaches every dispute between the parties having significant relationship to the contract and all disputes having their origin or genesis in the contract"); *Dennis L. Christensen Gen. Bldg. Contractor, Inc. v. Gen. Bldg. Contractor, Inc.*, 952 F.2d 1073, 1077 (9th Cir. 1991), *as amended on denial of reh'g* (Dec. 18, 1991) (noting that "presumption [of arbitrability] is particularly potent if the arbitration clause is broad.") (citation omitted); *see also Collins & Aikman Prods. Co. v. Bldg. Sys., Inc.*, 58 F.3d 16, 20 (2d Cir. 1995) (holding that, where the clause is broad, "then there is a presumption that the claims are arbitrable").

Page 11 -   DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY ACTION
CITI-L20\00442442.000

*TOMASI SALYER MARTIN*
Attorneys at Law
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

Finally, Plaintiff's legal theory falls within the scope of the Arbitration Agreement. Plaintiff's statutory claims are explicitly covered by the Arbitration Agreement, which expressly includes all claims, not matter what legal theory is pursued, including statutory claims. "It is by now clear that statutory claims may be the subject of an arbitration." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26, 111 S. Ct. 1647, 114 L. Ed. 2d 26 (1991); *see also Drozdowski*, 2016 WL 4544543 at *8-9 (compelling statutory claims to arbitration under Arbitration Agreement); *McCormick*, 2016 WL 107911 at *5-6 (same); *Carr*, 2015 WL 9598797, at *3; *Snow*, 2015 WL 799543, at *5-6 (same); *Coppock*, 2013 WL 1192632, at *5, 10 (same); *Cayanan*, 928 F. Supp. 2d at 1207-08 (same).

### B. The Action Must Be Stayed Pending Arbitration.

Section 3 of the FAA expressly provides that, where a valid arbitration agreement requires a dispute to be submitted to binding arbitration, the district court shall stay the action "until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3; *see Collins v. Burlington N. R. Co.*, 867 F.2d 542, 545 (9th Cir. 1989) (remanding case where district court failed to consider whether a stay was appropriate as a result of binding arbitration agreement); *see also Balar Equip. Corp. v. VT Leeboy, Inc.*, 336 F. App'x. 688, 689 (9th Cir. 2009) (reversing decision with instructions to stay action pending completion of arbitration); *Kats v. Citibank, N.A.*, No. 2:12-CV-1607-ODW (JCx), 2012 WL 7683005, *1 (C.D. Cal. Apr. 17, 2012) (compelling arbitration and staying action); *Lux v. Good Guys*, No. SACV 05-300-CJC ANX, 2005 WL 1713421, *2 (C.D. Cal. July 11, 2005) (granting motion to compel arbitration on individual basis and staying entire action pending completion of arbitration).

/ / /

/ / /

/ / /

/ / /

/ / /

Page 12 -  DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY ACTION
CITI-L20\00442442.000

*TOMASI SALYER MARTIN*
Attorneys at Law
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

## IV. CONCLUSION

For the foregoing reasons, Citibank respectfully requests that the Court grant the Motion and compel arbitration of Plaintiff's claims in accordance with the express terms of the valid and enforceable Arbitration Agreement governing the Accounts. In addition, this Court should stay this action pending completion of arbitration proceedings.

Dated: February 1, 2019.

TOMASI SALYER MARTIN

By: /s/ Eleanor A. DuBay
Eleanor A. DuBay, OSB #073755
(503) 894-9900
edubay@tomasilegal.com
Attorneys for Defendant Citibank, N.A.

Page 13 - DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY ACTION
CITI-L20\00442442.000

*TOMASI SALYER MARTIN*
Attorneys at Law
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

# CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2019, I electronically transmitted the attached **DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY ACTION** to the Clerk's office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

>Sharon Cousineau
>700 W Evergreen Blvd
>Vancouver, WA 98660
>sdcousineau@gmail.com
>    *Attorney for Plaintiff*

Dated: February 1, 2019.

TOMASI SALYER MARTIN

By: /s/ Eleanor A. DuBay
    Eleanor A. DuBay, OSB #073755
    (503) 894-9900
    edubay@tomasilegal.com
    Attorneys for Defendant Citibank, N.A.

CERTIFICATE OF SERVICE
CITI-L20\00442442.000

*TOMASI SALYER MARTIN*
Attorneys at Law
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236