Sharon Cousineau, OBN 011637
700 West Evergreen Boulevard
Vancouver, WA 98660
Phone: (360) 750-3789
Fax: (360) 750-3788
E-mail: sdcousineau@gmail.com
*Attorneys for Plaintiff*,
*Tiffany Hopkins*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| TIFFANY HOPKINS,<br><br>    Plaintiff,<br><br>v.<br><br>CITIBANK, N.A.,<br><br>    Defendant. | Case No. 3:18-cv-01960-BR<br><br>PLAINTIFF'S OPPOSITION TO DEFENDANT CITIBANK, N.A.'S MOTION TO COMPEL ARBITRATION |

Plaintiff Tiffany Hopkins ("Plaintiff") hereby submits this Memorandum of Law and Authorities in Opposition to Defendant Citibank N.A.'s ("Defendant") Motion to Compel Arbitration. Plaintiff does not oppose arbitration as a general matter. However, Plaintiff does oppose arbitration before AAA and therefore requests that the Court allow the Parties to proceed before JAMS.

# Table of Contents

I. INTRODUCTION. ........................................................................................1

II. PROCEDURAL BACKGROUND. .............................................................1

III. RELEVANT FACTS.....................................................................................2

IV. LEGAL STANDARD. ..................................................................................4

V. ARGUMENT.................................................................................................4

  a. The Court Should Strike Defendant's Motion For Violating Its Duty Of Candor To The Court. ...................................................................................4

  b. The 2016 Amendment Is Unenforceable Because Defendant Did Not Provide Advance Notice As Required Under The Agreement. ...........................................5

  c. Plaintiff's Claims Related To Her Costco Card Are Also Arbitrable Before JAMS Under The Terms Of The Sears Card Agreement. ......................................7

  d. The Delegation Clause Is Unenforceable Because It Would Deprive Plaintiff Of Her Right To Choose To Arbitrate Under JAMS, And It Is Disputed That Plaintiff Received The 2016 Amendment.............................................................8

VI. CONCLUSION. ............................................................................................9

# Table of Cases

*Am. Exp. Co. v. Italian Colors Restaurant*, 570 U.S. 228, 233 (2013) .....................7

*Hadlock v. Norwegian Cruise Line, Ltd.*, No. SACV10-0187AGANX, 2010 WL 1641275, at *1 (C.D. Cal. Apr. 19, 2010)..............................................................9

*In Re: Midland Credit Management, Inc. Telephone Consumer Protection Litigation*, No. 11MD2286-MMA (MDD), 2019 WL 398169, at *4 (S.D. Cal. Jan. 31, 2019) ........................................................................................................10

*Meckel v. Continental Resources Co.*, 758 F.2d 811, 817 (2d Cir. 1985).................9

*Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 70, 72 (2010)..........................11

*United States v. Putnam*, 908 F.2d 978 (9th Cir. 1990)............................................8

## Table of Statutes

9 U.S.C. §§4-5..............................................................................................................7

S.D. Codified Laws §54-11-12 ...................................................................................8

**I.      INTRODUCTION.**

From the very beginning of this case, Plaintiff has consistently agreed to stipulate to arbitration; the sole disputed issue is under what forum: JAMS or AAA. Pursuant to the relevant agreement, Plaintiff elected to arbitrate under JAMS. Defendant denied Plaintiff's election and has instead insisted that arbitration must proceed before AAA. Surprisingly, nowhere in its motion does Defendant point out Plaintiff's willingness to stipulate to arbitration and that the basis of their motion is their insistence that arbitration proceed before AAA. Because of Defendant's lack of candor to the Court, the Court should exercise its inherent powers and strike the motion.

Alternatively, the Court should deny the motion inasmuch as it seeks an order compelling arbitration under AAA because Defendant has not established that it ever lawfully amended the Sears Card agreement. This is so because the Defendant's representative has no foundation whatsoever to establish that the amendment was ever mailed to Plaintiff, not by personal knowledge, not by business practices, nor by business records.

Finally, the delegation clause is unreasonable because arbitrating before AAA would deprive Plaintiff's right to elect to arbitrate before JAMS, as the agreement provides, and because Defendant has not established that it complied with the procedure to amend the Sears Card agreement.

Therefore, Plaintiff requests that the Court strike or deny Defendant's motion and stay this case for the parties to negotiate before what forum the arbitration should proceed.

**II.     PROCEDURAL BACKGROUND.**

On or about January 17, 2019, the parties began discussing the possibility of stipulating to arbitration. (*See*, Declaration of Sharon Cousineau, Ex. 1.) On January 25, Plaintiff expressed that she would stipulate to arbitration under JAMS as

1

provided for in the Sears Card agreement. (*Id*. para. 3.) Defendant opposed arbitration under JAMS arguing that a purported change in the agreement only provided for arbitration under AAA and provided an oddly redacted letter. (*Id*. para. 4.) Plaintiff responded that the letter purporting to contain the amendment removing JAMS as an option was not addressed to Plaintiff. (*Id*. para. 5.) Defendant responded that the letter was an exemplar and attached a declaration by a representative of Defendant as to the exemplar. (*Id*. para. 6.) The parties did not agree on what forum was going to be used to arbitrate Plaintiff's claims, yet Plaintiff expressed that she would stipulate to arbitration and that the parties could negotiate before what forum to arbitrate outside of court. (*Id*. para. 7.) Defendant stated that it would be moving for arbitration under AAA. (*Id*. para. 8.)

## III. RELEVANT FACTS.

Plaintiff opened two Citibank credit cards; Sears and Costco ("Sears Card" and "Costco Card"). (Docs. 14, ¶ 4, 15 ¶ 4). The Sears Card contains the following arbitration agreement in part:

### ARBITRATION

**PLEASE READ THIS PROVISION OF THE AGREEMENTCAREFULLY. IT PROVIDES THAT ANV DISPUTE MAY BE RESOLVED BV BINDING ARBITRATION. ARBITRATION REPLACES THE RIGHT TO GO TO COURT, INCLUDING THE RIGHT TO A JURV AND THE RIGHT TO INITIATE OR PARTICIPATE IN A CLASS ACTION OR SIMILAR PROCEEDING. IN ARBITRATION, A DISPUTE IS RESOLVED BV AN ARBITRATOR INSTEAD OF A JUDGE OR JURY. ARBITRATION PROCEDURES ARE SIMPLER AND MORE LIMITED THAN COURT PROCEDURES.**

**Agreement to Arbitrate**: Either you or we may, without the other's consent, elect mandatory, binding arbitration for any claim, dispute, or controversy between you and us (called "Claims").
### Claims Covered

**What Claims are subject to arbitration?** All Claims relating to your account, prior related account or our relationship are subject to arbitration, including Claims regarding the application, enforceability, or interpretation of this Agreement and this

> arbitration provision. All Claims are subject to arbitration, no matter what legal theory they are based on or what remedy (damages, or injunctive or declaratory relief) they seek. This includes Claims based on contract, tort (including intentional tort), fraud, agency, your or our negligence, statutory or regulatory provisions, or any other sources of law; Claims made as counterclaims, cross-claims, third-party claims, interpleaders or otherwise; and Claims made independently or with other claims. A party who initiates a proceeding in court may elect arbitration with respect to any Claim advanced in that proceeding by any other party. Claims and remedies sought as part of a class action, private attorney general or other representative action are subject to arbitration on an individual (non-class, non-representative) basis, and the arbitrator may award relief only on an individual (non-class, non-representative) basis. . .
>
> **How Arbitration Works**
>
> **How does a party initiate arbitration?** The party filing an arbitration must choose one of the following two arbitration firms and follow its rules and procedures for initiating and pursuing and arbitration: American Arbitration Associations **or JAMS**. Any arbitration hearing that you attend will be held at a place chosen by the arbitration firm in the same city as the U.S. District Court closest to your then current billing address, or at some other place to which you and we agree in writing. You may obtain copies of the current rules of each of the arbitration firms or forms and instructions for initiating an arbitration by contacting them as follows:
>
> > American Arbitration Association
> > 800-778-7879 (toll-free)
> > Website: www.adr.org
> >
> > JAMS
> > 800-352-5267 (toll-free)
> > Website: www.jamsadr.com
>
> At any time you or we may ask an appropriate court to compel arbitration of Claims, or to stay the litigation of Claims pending arbitration, even if such Claims are part of a lawsuit, unless a trial has begun or a final judgment has been entered. Even if a party fails to exercise these rights at any particular time, or in connection with any particular Claims, that party can still require Arbitration at a later time or in connection with any other Claims.

(Doc. 14, Ex. 1, at 11-13) (emphasis added).

The Sears Card contains the following provision regarding amendments to the agreement:

> **Changes to this Agreement**
>
> **We may change the rates, fees, and terms of this Agreement from time to time**

3

> **as permitted by law. The changes may add, replace, or remove provisions of this Agreement. We will give you advance written notice of the changes and a right to opt out to the extent required by law.**

(*Id*. at 12) (emphasis added).

## IV.  LEGAL STANDARD.

Parties can seek judicial enforcement of an arbitration agreement under FAA §4. "[C]ourts must rigorously enforce arbitration agreements according to their terms, including terms that '**specify with whom [the parties] choose to arbitrate** their disputes,' and 'the rules under which that arbitration will be conducted.'" *Am. Exp. Co. v. Italian Colors Restaurant*, 570 U.S. 228, 233 (2013) (quoting *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 683 (2010); *Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 479 (1989)) (emphasis added).

## V.  ARGUMENT.

### a. The Court Should Strike Defendant's Motion For Violating Its Duty Of Candor To The Court.

The Court should exercise its inherent powers and strike Defendant's motion because Plaintiff has always stated that she would stipulate to arbitration, and that the issue of what forum should arbitrate her claims could be decided outside of court, yet Defendant's sole argument in its motion is for an order to compel arbitration "in accordance with the express terms of the valid and enforceable Arbitration Agreement." (Doc. 13 at 13.) As is evident from counsel's email exchange, whether Plaintiff's claims should proceed before arbitration was never disputed, the sole issue being whether arbitration should proceed before JAMS or AAA. (Decl. of Cousineau, para. 7.) However, Defendant does not mention anywhere that it is in truth seeking an order to compel arbitration before AAA. (*See*, doc. 13.) Defendant's failure to candidly state to the Court the actual purpose of its motion, especially on

4

the face of Plaintiff's clear indications that Plaintiff never opposed to arbitrate her claims, is a violation of Defendant's duty of candor to the Court. Therefore, the Court should exercise its inherent powers and sanction Defendant by striking Defendant's motion and awarding Plaintiff's attorneys' fees in connection with this motion.

### b. The 2016 Amendment Is Unenforceable Because Defendant Did Not Provide Advance Notice As Required Under The Agreement.

The 2016 Amendment to the Sears Card terms —eliminating JAMS as an option— is unenforceable because Defendant has not established that it gave advanced notice as required under the terms of the agreement and S.D. Codified Laws §54-11-12. The Sears Card agreement provides: "We will give you advance written notice of the changes and a right to opt out to the extent required by law." (Doc. 14 at 12) (emphasis added). The South Dakota statute provides: "A credit card issuer may change the terms of any credit card agreement if such right of amendment has been reserved. A credit card issuer shall provide notice of such change. . ." S.D. Codified Laws §54-11-12.

Defendant has not established that it gave advance written notice of the 2016 "amendment" to Plaintiff because the Declaration of Grayot does not establish that the letter was mailed to Plaintiff. While Grayot makes the general allegation that the letter was "mailed to Plaintiff on or about November 2015[]", *id*. at 3, para. 8, he does not establish the necessary foundation for his allegation. Grayot does not state that he himself mailed the letter to Plaintiff. (*Id*. at 1, para. 2 ("In connection with my employment, I have personal knowledge of Citibank's general business practices with respect to its credit card accounts. . . I have access to the business records relating to the credit card accounts Citibank issues including, in particular, the records of cardmember accounts and the applicable card agreements.")

To establish that the letter was "mailed on or about November 2015" Grayot had to base his knowledge on either business practices or business records. Grayot

5

has not established the necessary business-practices foundation because he does not state what are Defendant's business customs and practices relevant to mailing in general, and even less as to mailing of amendments to credit card agreements. *United States v. Putnam*, 908 F.2d 978 (9th Cir. 1990) (citing *Wells Fargo Business Credit v. Ben Kozloff, Inc.*, 695 F.2d 940, 944 (5th Cir.), *cert. denied*, 464 U.S. 818 (1983) (noting that "[p]lacing letters in the mail may be proved by circumstantial evidence, including customary mailing practices used in the sender's business"); *Meckel v. Continental Resources Co.*, 758 F.2d 811, 817 (2d Cir. 1985) (holding that "the presence of such proof [of regular mailing procedures] establishes prima facie evidence of the mailing and creates a rebuttable presumption as to receipt"). To the contrary, it appears that Defendant did not follow its mailing practices for the amendment to the Sears Card, which practices include the notation on its records that such an amendment was sent.

Grayot has also failed to establish the business-records foundation because he merely attaches an "exemplar" and provides no basis for when **and if** the letter was in fact mailed. The date alleged —"on or about November 2015"— is too imprecise for a business record, especially on this day and age when computers automatically generate, print and address letters, keeping precise records of their activities. Grayot's general allegation is also contrastable with Defendant's contentions about the Costco Card, where Defendant's representative clearly states the day, month and year of the mailing of the letter. (*Id.*)

Defendant suggested in an email that Plaintiff received the 2016 amendment because it provided an "exemplar" of the letter. (Decl. of Cousineau, para. 6.) Defendant's argument fails because an exemplar is proof only of the contents of a writing and not as proof of mailing. *Cf. Hadlock v. Norwegian Cruise Line, Ltd.*, No. SACV10-0187AGANX, 2010 WL 1641275, at *1 (C.D. Cal. Apr. 19, 2010) ("An exemplar of what Defendant normally gives to customers is **evidence of what**

6

Plaintiff received.") (emphasis added.) *See also*, *In Re: Midland Credit Management, Inc. Telephone Consumer Protection Litigation*, No. 11MD2286-MMA (MDD), 2019 WL 398169, at *4 (S.D. Cal. Jan. 31, 2019) (resolving the parties dispute as to the terms of their agreement based on an attested exemplar). Because Defendant has not established that Plaintiff received the 2016 amendment as required under the terms of the Sears Card agreement and S.D. Codified Laws §54-11-12, the amendment is unenforceable and therefore Plaintiff can elect to arbitrate under JAMS.

### c. Plaintiff's Claims Related To Her Costco Card Are Also Arbitrable Before JAMS Under The Terms Of The Sears Card Agreement.

Plaintiff's claims related to her Costco Card are also arbitrable before JAMS because the Sears Card agreement expressly provides that the arbitration agreement covers claims that are related to the Sears Card or Plaintiff's relationship to Defendant. "What Claims are subject to arbitration? All Claims relating to your account, prior related account or our relationship are subject to arbitration . . ." (Doc. 14 at 12-13.) Defendant strongly argues that the Court should order arbitration. (Doc. 13 at 6-8; at 7 ("Under the FAA, arbitration must be compelled where, as in this case: (1) a valid, enforceable agreement to arbitrate exists; and (2) the claims at issue fall within the scope of that agreement.") (citation omitted) (emphasis added.) Because the Sears Card agreement requires that the relationship between the parties also be arbitrated, the Court should order arbitration under JAMS.

Alternatively, should the Court refuse to order arbitration before JAMS of Plaintiff's claims related to her Costco Card, Plaintiff requests that the Court deny Defendant's motion because it is premature. Defendant's motion is premature because Defendant has not established that Plaintiff's claims can be adequately allocated to either her Sears or her Costco Cards. Therefore, the Court should deny Defendant's motion as premature.

### d. The Delegation Clause Is Unenforceable Because It Would Deprive Plaintiff Of Her Right To Choose To Arbitrate Under JAMS, And It Is Disputed That Plaintiff Received The 2016 Amendment.

The Court —and not an arbitrator— has jurisdiction over the enforceability of the arbitration agreement because Plaintiff's right to elect to arbitrate under JAMS is effectively eliminated if the Court were to order arbitration under AAA. The Court should also retain jurisdiction because Plaintiff disputes receiving the 2016 "amendment". "A party contesting the enforceability of a delegation clause must "challenge[ ] the delegation provision specifically." *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 70, 72 (2010).

Here, the delegation clause is unenforceable because compelling arbitration under the administration of the AAA would effectively deprive Plaintiff of her contractual right to elect to arbitrate before JAMS, or in violation of the original arbitration agreement without having established that it was amended. Under the arbitration agreement, Plaintiff has the right to choose between JAMS and AAA. The arbitration agreement clearly states that Plaintiff —and not Defendant— elects the forum. (Docs. 14 at 13 ("The party filing an arbitration must choose one of the following two arbitration firms and follow its rules and procedures for initiating and pursuing and arbitration: American Arbitration Associations or JAMS.")) Once Defendant sought Plaintiff's stipulation to proceed in arbitration, Plaintiff elected to arbitrate under JAMS. (Decl. of Cousineau, para. 3.) Defendant refused to arbitrate under JAMS arguing that the "agreement" only provided for arbitration under AAA. (*Id*. para. 4.) Plaintiff has consistently agreed to stipulate to arbitration and resolve before what forum to proceed with arbitration, without the need of judicial intervention. (*Id*. para. 7.) Defendant dug in its heels and filed the instant motion. Because the dispute as to whether the arbitration agreement allows Plaintiff to elect

to arbitrate under JAMS or requires arbitration to proceed under AAA must be resolved before an arbitrator is appointed, the delegation clause is unenforceable.

## VI.   CONCLUSION.

Fundamentally, the instant motion is a waste of time and resources. Plaintiff has never refused to arbitrate her claims. She has elected to arbitrate her claims with JAMS, which she is has been consistently willing to do, and she should be allowed to file her claim in her contractually-provided elected forum. Under these circumstances, the Court should stay the case pending the parties' negotiation of what arbitration forum should administrate Plaintiff's claims. Additionally, the Court should strike Defendant's motion and sanction Defendant to pay Plaintiff's attorneys' fees in connection with this motion. Alternatively, the Court should deny Defendant's motion inasmuch as it requests arbitration under the administration of AAA because the Defendant has not established that it gave notice of the purported 2016 amendment. If the court is inclined to entertain Defendant's motion, the Court should order arbitration before JAMS. Regardless, the Court should retain jurisdiction over these disputes because the delegation clause is unreasonable as it would deprive Plaintiff of her right to elect to arbitrate under JAMS, and because Plaintiff is disputing having received the 2016 "amendment".

By:/s/ *Sharon Cousineau*
Sharon Cousineau
*Attorneys for Plaintiff,*
*Tiffany Hopkins*

9

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system on the 8th day of February. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including plaintiff's counsel. Parties may access this filing through the Court's system.

*/s/ Sharon Cousineau*